FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E D N Y

★ JAN 2 8 2011 ☆

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

RAUL OLMOS-ORTIZ

Defendant.

---

10-cr-564

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On August 31, 2010, Raul Olmos-Ortiz plead guilty to count one of a single-count indictment, which charged that on December 4, 2009 the defendant illegally returned to the United States after having been previously deported following a conviction for committing a felony. *See* 8 U.S.C. § 1326 (a).

Olmos-Ortiz was sentenced on January 21, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be ten and defendant's criminal history category to be category III, yielding a guidelines range of imprisonment of between ten and sixteen months. The calculation of the total offense level included a four point enhancement for being previously deported after a criminal conviction for a felony. *See* USSG § 2L1.2(b)(1)(D). A two point deduction for acceptance of responsibility was subtracted. The offense carried a maximum term of imprisonment of ten years. *See* 18 U.S.C. § 1512(b)(1). The guidelines range of fine was from $2,000 to $20,000. *See* USSG § 5E1.2(c)(3)

Olmos-Ortiz was sentenced to nine months' incarceration to run concurrently with the twelve month sentence he is already serving, and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*; *cf.* Abe Cho, Note, *Lowering Sentences for Illegal Immigrants? Why Judges Should Have Discretion to Vary from the Guidelines Based on Fast-Track Sentencing Disparities*, 43 Colum. J. L. & Soc. Probs. 447 (2010) (arguing federal district judges have discretion to impose lower sentences in immigration cases to avoid sentencing disparities with "fast-track" programs found predominately in southwest border states).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Illegal re-entry into the United States is a serious crime. Defendant has repeatedly returned to this country illegally and was subsequently deported on three prior occasions. While living in the United States, he has been convicted of various crimes in state court including petit larceny and attempted robbery, a crime of violence. *See* PSR ¶¶ 2-5. A sentence of nine months reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in entering the United States illegally will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation. It is unlikely that he will engage in further criminal activity in light of the fact that he has a long-term girlfriend and step-daughter in Mexico that he is committed to supporting. Due to his conviction in state court for a crime of violence, he is aware that a future illegal re-entry would subject him to a substantial penalty and lengthy prison term.

Jack B. Weinstein
Senior United States District Judge

Dated: January 24, 2011
Brooklyn, New York